UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. FOUTS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COMMONWEALTH OF KENTUCKY, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-09325-AMO<br><br>**ORDER TO SHOW CAUSE RE VENUE**<br><br>Re: Dkt. Nos. 1, 4 |

　　　Plaintiff John R. Fouts initiated this pro se action on behalf of himself and his minor child on December 18, 2024. ECF 1. That same day, he filed a motion for preliminary injunction, permanent restraining order, and permanent protective order. ECF 4. Fouts and his child are residents of Kentucky who suffer from multiple medical conditions. *Id.* at 3. Fouts alleges dozens of statutory and constitutional violations against myriad Kentucky and federal agencies stemming from, among other things, alleged failure to receive social security checks and prescription drugs by mail, exposure to mold and other hazardous conditions in Fouts's dwelling and subsequent inability to obtain adequate medical care, as well as being subject to an improper Child Protective Services investigation, all in Kentucky. *See id.* at 8-35.

　　　The Federal Rules of Civil Procedure provide that a civil case may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

1    If venue is improper, a district court "shall dismiss, or if it be in the interest of justice,
2 transfer such case to any district or division in which it could have been brought." 28 U.S.C. §
3 1406(a). Courts may *sua sponte* raise improper venue if the defendant has not filed a responsive
4 pleading and the parties are provided with an opportunity to respond to the issue. *Costlow v.*
5 *Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "Venue is determined at the time the action is
6 commenced." *Haney v. United Airlines, Inc.*, 2016 WL 11576197, at *1 (N.D. Cal. Aug. 3, 2016)
7 (citations omitted). Plaintiffs bear the burden of demonstrating that venue is proper. *See*
8 *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

9    From reviewing Fouts's Complaint and Motion, it appears venue does not properly lie
10 within this District. Fouts has listed the following as defendants: Commonwealth of Kentucky;
11 Kentucky Cabinet for Health and Family Services; Kentucky Department for Medicaid Services;
12 Louisville Metro Housing Authority; Property Management of Louisville; Centers for Medicare
13 and Medicaid Services; Equifax Workforce Solutions; Norton Healthcare, Inc.; Baptist Health
14 Louisville; The Marion House; The Ole Homeplace ADHS; Access ADHS Adult Day Healthcare
15 LLC; Bloom Elementary School; USDA Food and Nutrition Services; and Does 1-125. ECF 2.
16 While Fouts indicated venue is proper in this Court because "at least one defendant is located in
17 this District and any other defendants are located in California," ECF 1 at 3, Fouts has neither
18 listed a California address for any defendant nor otherwise alleged that any defendant resides here.
19 Moreover, no events or omissions giving rise to Fouts's claims are alleged to have occurred in
20 California, much less this District. Fouts's bare assertion that the Western District of Kentucky is
21 not a suitable venue "due to [the] inability [to] have an unbiased and impartial experience," ECF 5
22 at 2, does not suffice to show venue is proper here.

23    Accordingly, Fouts is **ORDERED TO SHOW CAUSE** why this action should not be
24 dismissed or transferred due to improper venue. By **January 23, 2025**, Fouts must file a response
25 **no longer than five pages** explaining why venue in the Northern District of California is proper.
26 Alternatively, Fouts may consent to transfer the case to a proper venue. If Fouts does not file a
27 response by January 23, 2025, this case will be dismissed with prejudice.

28    Additionally, Fouts is advised that resources are available for parties who are representing

themselves in the Northern District of California. The Court encourages all self-represented litigants to consult with the Federal Pro Bono Project (sometimes also called the Legal Help Center), though this is optional. To schedule an appointment with the Legal Help Center, email fedpro@sfbar.org or call (415) 782-8982.  The Northern District of California website also has various resources available, including a Pro Se Handbook about how to represent oneself in court. These resources are available online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: December 23, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**