UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. FOUTS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>COMMONWEALTH OF KENTUCKY, et al.,<br><br>        Defendants. | Case No. 24-cv-09325-AMO<br><br>**ORDER TRANSFERRING ACTION TO WESTERN DISTRICT OF KENTUCKY**<br><br>Re: Dkt. Nos. 1, 4 |

Before the Court are pro se Plaintiff John R. Fouts and his minor child's complaint, motion for preliminary injunction, permanent restraining order, and permanent protective order ("Motion"), and several other filings and requests.[1] ECF 1, 4. Fouts and his child are residents of Kentucky who suffer from multiple medical conditions. ECF 4 at 3. Fouts alleges dozens of statutory and constitutional violations against myriad Kentucky and federal agencies apparently arising from, among other things, alleged failure to receive social security checks and prescription drugs by mail, exposure to mold and other hazardous conditions in Fouts's dwelling and subsequent inability to obtain adequate medical care, as well as being subject to an improper Child Protective Services investigation, all in Kentucky. *See id.* at 8-35. Having read Fouts's papers and carefully considered the arguments therein, as well as the relevant legal authority, the Court hereby **TRANSFERS** this action to the Western District of Kentucky pursuant to 28 U.S.C. § 1406, or alternatively, 28 U.S.C. § 1404(a), for the following reasons.

---

[1] Since initiating this lawsuit, Fouts has filed a series of additional documents, including a "Motion to Compel Compliance with ADA Accommodations," ECF 14, "Ophthalmological Records Highlighting Critical Unmet Medical Needs," ECF 16, "HUD Correspondence Highlighting Systemic Failures, Discrimination, ADA Violations, and Neglect," ECF 17, and "Notification of Use of Artificial Intelligence in Document Drafting," ECF 19, among others. Because the Court finds it appropriate to transfer the case, it does not address these filings.

On December 23, 2024, the Court issued an order to show cause why the complaint should not be dismissed or transferred for improper venue, as no party or event described in Fouts's papers had any apparent connection to the Northern District of California. ECF 12. Venue is proper in a judicial district in which (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). Similarly, where a defendant is an agency of the United States, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

A district court, in its discretion, "shall dismiss, or if it be in the interest of justice, transfer" an action under 28 U.S.C. § 1406(a) if venue is improper. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). Courts may *sua sponte* raise improper venue if, as here, the defendant has not filed a responsive pleading and the parties are provided with an opportunity to respond to the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Even where venue is proper under § 1391, a district court may transfer the case to another district for the convenience of the parties and witnesses. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). The purpose of such transfer is to "prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses, and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612 (1964). Courts may also transfer cases under § 1404(a) *sua sponte*.

//

//

//

Venue is not proper in this District. Fouts and his child reside in Louisville, Kentucky, as do many Defendants.[2] Moreover, as far as the Court can discern from Fouts's submissions, all relevant events and omissions occurred in Kentucky. *See, e.g.*, ECF 4 at 14 (stating that Fouts and his child suffered significant harm due to hazardous living conditions at an apartment with a Louisville, Kentucky address); *id.* at 22-25 (describing inadequate care by medical care providers at Baptist Health Louisville and University of Louisville). In his response to the Court's Order, Fouts does not assert that any Plaintiff or Kentucky agency or individual establishes proper venue in this District, nor does he state that any events or omissions occurred in this District. To the extent Fouts suggests that venue is proper here because some Defendants are federal agencies, that is not so. "Venue does not lie in every judicial district where a federal agency has a regional office," *Williams v. United States*, No. C-01-0024 EDL, 2001 WL 1352885, at *1 (N.D. Cal. Oct. 23, 2001) (citing *Reuben H. Donnelly Corp. v. Federal Trade Comm'n*, 580 F.2d 264, 267 (7th Cir. 1978)), and courts in the Ninth Circuit have often found that federal agencies are deemed residents of the District of Columbia, regardless of where any regional offices may be located. *See, e.g.*, *Al Hada v. Pompeo*, Case No. CV 18-8002-DMG (JPRx), 2018 WL 6264999, at *2 (C.D. Cal. Sept. 17, 2018) (denying motion for preliminary injunction where venue was improper against federal agency defendants); *Tsi Akim Maidu of Taylorsville Rancheria v. United States Dep't of Interior*, Case No. 16-cv-07189-LB, 2017 WL 2289203, at *2 (N.D. Cal. May 25, 2017) (explaining that "[g]enerally, all federal defendants reside in Washington, D.C.," and "[v]enue does not lie in every judicial district where a federal agency has a regional office" (citations and internal quotation marks omitted)). While Fouts states that "[n]ationwide programs are directly implicated, and their administration in California is relevant to this case," ECF 15 at 1, Fouts's submissions do not allege any such relevance, and the Court cannot discern any. Fouts reiterates the urgency of his situation and past experiences of discrimination in Kentucky, but such factors

---

[2] Fouts filed a 22-page exhibit to his Motion listing dozens of Defendants. ECF 15-4. While the residence of each Defendant is not expressly alleged in Fouts's complaint or otherwise listed in Fouts's submissions, Fouts lists Louisville, Kentucky addresses for many Defendants. *See id.* at 19-20. Indeed, every address listed for a Defendant is an address outside of California, and as to those Defendants for whom no address is listed, there is no discernable connection to California.

3

do not establish proper venue here. Plaintiffs and many Defendants reside in Louisville, Kentucky, which is also where the relevant events occurred. Because no party resides in this District, and because the events giving rise to Fouts's claims did not occur here, the Court thus determines that under 28 U.S.C. § 1391, venue is not proper.

The Court must next determine if it would be in the interest of justice to transfer the case. *See* 28 U.S.C. § 1406(a). "[T]ransfer will generally be in the interest of justice." *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (internal quotations omitted) (noting the Ninth Circuit has "rarely found that transfer would not serve the interests of justice," and that the determination of whether transfer is in the interest of justice is "a low bar" that "will usually involve a very limited inquiry by the transferring court"). The Court concludes from its limited inquiry that transfer is in the interest of justice so that Fouts's case may be screened pursuant to 28 U.S.C. § 1915. Accordingly, pursuant to 28 U.S.C. § 1406(a), the Court **TRANSFERS** this action to the Western District of Kentucky, the proper venue for Louisville, Kentucky. Even if venue were proper in this District, because most parties reside in the Western District of Kentucky and the events at issue occurred there, it is clear that the Western District of Kentucky is a more convenient forum under 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

Dated: January 15, 2025

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge